MoFabland, J.,
delivered the opinion of the court:
The complainant, as administratrix of the estate of Samuel Anderson, deceased, claims to be a creditor of the estate of Win. Anderson, deceased, and as evidence of the debt, exhibits with the bill a note for $783.72, executed by William Anderson, payable to John R. Fain, executor of Samuel Anderson, deceased, dated the 27th of February, 1861, and due at one day, with some- credits indorsed.
The bill alleges that William Anderson died intestate, in February, 1863; that more than six months have elapsed, and no one can be procured to administer upon his estate; that he left a tract of land in Sullivan county, as the only available assets for the payment of debts; that this land is in the possession of John Anderson, one of the heirs. All me heirs are made defendants, and the prayer of the bill is to administer the estate under the provisions of the Oode, sec. 2209 etseq. [Shannon’s Code, sec. 3943 et seq.]. The bill was filed the 7th of December, 1875. Subsequently, two amended bill were filed. The first charges, in áddition io the charges in the original bill, that complainant is informed and believes that John Anderson, one of the heirs, *439 and who now occupies and controls the land mentioned, lias entered into an agreement with the other heirs to pay the debts of the estate, in consideration of the others con- % eying to him a part, or the whole of their interest in the land, and the hill further charges that said John Anderson has, within six years next preceding the filing of the bill, promised complainant to pay the note in question, in consideration of complainant’s delaying to sue; that he has made several payments, and induced complainant to believe be would pay the note in full.
The second amended bill charges that said John Anderson promised, within six years, in writing, to pay the note, and exhibits a letter which, it is alleged, contains the promise. The chancellor overruled the demurrers, and the defendants have appealed.
Relief, we think, cannot be granted to the extent of selling the lands descended to the heirs, other than John Anderson. Aside from the promises alleged to have been made by John Anderson, and the agreement between him and the other heirs, the claim is barred by the statute of six years. Code, sec. 2775 [Shannon’s Code, sec. 4472]. The note fell due and the action accrued in the lifetime ox 'William Anderson, and the person in whose favor the action accrued, was then alive and capable of suing — -so far as appears. This was in February, 1861. William Anderson, as is alleged, died in .February, 1863, and no promise could have been made by him, after that time, to keep the action alive. The statute having begun to run, continued to run, excluding, however, from the computation the time that elapsed between the death of William Anderson, and the grant of administration upon his estate, “not exceeding six months” Code 2760 [Shannon’s Code, sec. 4451]. TIad administration been granted before the bar was complete, the further time of six months, during which the £ dministrator was protected from suit, would have been excluded. But by constitutional provisions [Con., sched., aec. 4], all the time until 1st of January, 1867, may be *440 regarded as excluded — that is, from the sixth of May, 1861, Í Shannon’s Code, sec. 4454]. But the six months had elapsed before 1st of January, 1867, and from that date the time must be computed; and as the bill was not filed within six years from that date, the claim is barred.
The statute of two years, Code 2279, 2784 [Shannon’s Code, secs. 4012, 4481], and the statute of seven years, Code 2281, 2786 [Shannon’s Code, secs. 4014, 4483], probably do not apply, as they are, in terms, in favor of the personal representative, and could not apply in his favor until one was appointed.
But the promise of John Anderson made within six years, in consideration of lands descended, where there were no personal assets, would take the case out of the statute as to him, and to the extent he was or might have been made liable as one of the heirs. The promise, we •hint, was not within the statute of frauds. It might be different as to a promise to pay the liability of the other heirs in consideration of their agreement to convey the land to him.
We do not, for the present, decide the sufficiency of the alleged written promise, as this will come up more fully on the hearing.
It is argued that on John Anderson’s promise, the remedy is clear against him at law, but we think the complainants may also pursue the remedy in equity, in the manner proposed by this bill, relying upon the alleged promise to save- the case from the bar of the statute.
The demurrer as to John Anderson was therefore properly overruled. And it will also be overruled as to the other defendants, to the end that if the liability of John Anderson be substituted for the whole debt, and the agreement between him and the other heirs alleged in the bill be established, the same may, if necessary, be carried into effect by a sale of the lands; but in the absence of any such valid agreement by the other heirs, their portions of the land will not be subjected to the debt.
*441 Decree accordingly, defendants paying costs of this court.